UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOTT JAMES,

        Petitioner,

                                                                             Case Number 10-12909
v.                                                        Honorable David M. Lawson
                                                        Magistrate Judge Paul J. Komives

ROBERT NAPEL,

        Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS
TO REPORT AND RECOMMENDATION,
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

On July 23, 2011, petitioner Elliot James filed a petition for a writ of habeas corpus *pro se* under 28 U.S.C. § 2254. Despite the appearance on the caption, it appears that the petitioner is Elliot Jerome James, presently confined at the Parnell Correctional Facility in Jackson, Michigan, as the docket indicates. In his petition, James challenges his 2003 convictions for first-degree home invasion, Mich. Comp. Laws § 750.110A(2), breaking and entering, Mich. Comp. Laws § 750.110, and unlawfully driving away in an automobile, Mich. Comp. Laws § 750.413. The petitioner was sentenced to 10 to 30 years imprisonment on all three counts. He challenges his conviction on the grounds that the trial court's determination that he should be sentenced as a fourth habitual offender violated his rights under the United States Constitution and the Michigan State Constitution. On February 10, 2011, after the respondent had filed its response, the Court entered a general order of reference to Magistrate Judge Paul J. Komives. Judge Komives filed a report on May 12, 2011 recommending that the petition for a writ of habeas corpus be dismissed as untimely. The petitioner filed timely objections, and the matter is before the Court for *de novo* review. The Court agrees with

the Magistrate Judge, and therefore will dismiss the petition with prejudice because it was not filed within the time allowed by 28 U.S.C. § 2244(d).

I.

As the magistrate judge correctly determined, the petitioner's state court conviction became final on March 5, 2006. The petitioner did not file either his state court motion for post-conviction relief or the present habeas petition within the subsequent one-year limitations period established in 28 U.S.C. § 2244(d). The magistrate judge also suggested that the petitioner had presented no basis for equitable tolling or no new, reliable evidence to support a finding of actual innocence.

The petitioner filed timely objections in which he "acknowledge[d] and concede[d] the correctness of the Magistrate Judge's findings," but asked that an exception be made in his case because his delay was due to personal hardship caused by his attention deficit disorder (ADD) diagnosis and his reliance on the assistance of the legal writing program at a facility in which he was previously incarcerated. The Court views this assertion as an argument in favor of equitable tolling. The petitioner also argued that the magistrate judge misconstrued his actual innocence claim, which he characterizes as "intertwine[d] with" procedural defects in the warrant, complaint, arrest, prosecution, and trial in his case that collectively deprived the state court of jurisdiction over him. Obj. at 2.

II.

Objections to a report and recommendation dealing are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The petitioner has not objected to the magistrate judge's conclusion that he failed to file his petition within the one-year statute of limitations established in 28 U.S.C. § 2244(d). In fact, the petitioner goes so far as to "acknowledge and concede[]" that this finding was correct. Obj. at 1. Therefore, the Court will adopt those portions of the recommendation and confine its discussion to whether the doctrines of equitable tolling or actual innocence would allow the Court to consider the petition regardless of its untimely nature.

The Sixth Circuit has held that "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to be entitled to equitable tolling, a habeas petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Sixth Circuit considers five factors to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *id.* at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period, *id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling of the one-year limitations period. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The petitioner first argues that the statute of limitations should be tolled because he suffers from ADD, which has impaired his schooling and his ability diligently to pursue his habeas corpus petition. His second argument, presented in Exhibit A to his objections entitled "Fact Records Establishing State Impediment to Diligently Pursue Rights to Habeas Corpus," requests tolling on the ground that the petitioner sought assistance from the legal writing program at a former facility, but the assistant assigned to his case failed to work on his petition in a timely manner. The petitioner argues that the Michigan Department of Corrections (MDOC) policy directives prevented him from seeking legal advice from other prisoners except through the legal writing program and it was reasonable for him to assume that it was the program's responsibility to prepare his legal papers timely after he sought their assistance.

Delay caused by a fellow inmate from whom the petitioner was receiving assistance in preparing his papers does not rise to the level of an "extraordinary circumstance" required to justify tolling the statute of limitations. The fact that the petitioner may be untrained in the law, may have been proceeding without a lawyer, or may have relied on an individual who ultimately turned out to be unreliable does not warrant tolling. *See Allen*, 366 F.3d at 403 (holding that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late]

filing"); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). The MDOC policy directives on which the petitioner relies did not require him to seek the assistance of the legal writing program before filing any legal papers; they merely prevented him from seeking legal assistance outside of this program in the event that he desired such assistance. However, the petitioner's choice to seek such assistance, whether misguided or necessary, does not constitute an extraordinary circumstance. In any event, it appears that the petitioner did not seek assistance until December 6, 2007, several months after his limitations period expired. The petitioner does not provide any arguments demonstrating diligence in pursuing his rights prior to the expiration of the limitations period in March of 2007. He also asserts that he did not follow up on the status of his legal papers with the legal writing program for "five or sixth months," which does not demonstrate diligence in any event. Obj., Ex. A, Fact Records at 3. The petitioner's actions do not demonstrate diligence or extraordinary circumstances justifying equitable tolling on this ground.

The petitioner's argument that the Court should equitably toll the statute of limitations in this case based on the petitioner's ADD disability also must fail. The petitioner has identified no authority applying the doctrine of equitable tolling on this ground, and the Court has found none either. The petitioner has not argued that he was unaware of the one-year filing limitation, but appears to suggest, without presenting any supporting evidence, that a diagnosis of ADD presents an extraordinary circumstance that should justify an accommodation in this case. The Court does not agree. The petitioner has failed to present any facts tending to show that his disability, which relatively common, interfered with his ability to discern and comply with the filing deadline. The

petitioner asserts that he can read and write only at a 5th grade level, but he fails to explain how this level of literacy amounts to an extraordinary circumstance warranting equitable tolling in his case.

The one-year statute of limitations also may be equitably tolled by a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). To be credible, an actual innocence claim must be supported "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590. The Sixth Circuit has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Sixth Circuit has emphasized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Ibid.* (quoting *Schlup*, 513 U.S. at 321).

The petitioner has presented no new reliable evidence to establish that he was actually innocent of the crimes charged; instead, his entire argument is based on procedural defects of which he was aware or should have been aware at the time of his state court trial. Having provided no grounds to toll equitably the statute of limitations, he cannot avoid dismissal on timeliness grounds.

III.

The Court finds that the magistrate judge correctly analyzed and applied the governing law to the issues presented by the petition for a writ of habeas corpus.  The Court will overrule the petitioner's objections, adopt the report and recommendation, and dismiss the petition.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #12] is **ADOPTED**.

It is further **ORDERED** that the petitioner's objections [dkt #13] are **OVERRULED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   July 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2011.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL