UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOTT JAMES,

           Petitioner,

v.

                                          Case Number 10-12909
                                          Honorable David M. Lawson
                                          Magistrate Judge Paul J. Komives

ROBERT NAPEL,

           Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Elliot James, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 8, 2011, the Court adopted the magistrate judge's report and recommendation in favor of dismissing the petition as untimely, overruled the petitioner's objections, and dismissed the petition with prejudice. The Court now must consider whether to issue a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The petitioner filed his habeas petition over three years after the statute of limitations had expired. The magistrate judge found that the petitioner had failed to present any grounds for

equitable tolling or any new, reliable evidence supporting his claim of actual innocence.  The Court determined that the petitioner's objections asserting reliance on a prison legal writing program and delay caused by his diagnosed attention deficit disorder continued to fall short of the petitioner's burden of demonstrating that "'extraordinary circumstances stood in his way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Court also determined that the petitioner's actual innocence claim relied only on evidence available to the petitioner at the time of trial.  The Court now finds that reasonable jurists could not debate that this Court correctly dismissed the petitioner's claim.  Therefore, the Court will deny the petitioner a certificate of appealability.

Accordingly, it is **ORDERED** that the certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 8, 2011

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>

-2-